# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re FONTAINBLEAU LAS VEGAS HOLDINGS, LLC, et al., | Case No.: 2:11-cv-00402-RLH-PAL |
| Debtors. | **O R D E R** |
| (Case No. 09-21481 - U.S. Bankruptcy Court, S.D. of Florida) | (Emergency Motion for Stay Pending Appeal–#3) |
| TURNBERRY RESIDENTIAL LIMITED PARTNERS L.P. and TURNBERRY WEST CONSTRUCTION, INC., | |
| Appellants, | |
| vs. | |
| TERM LENDER STEERING GROUP, | |
| Appellee. | |

Before the Court is Appellants Turnberry Residential Limited Partners L.P. and Turnberry West Construction, Inc.'s (collectively, "Turnberry") **Emergency Motion for Stay Pending Appeal** (#3), filed March 16, 2011. The Court has not required Appellee Term Lender Steering Group ("TLSG") to respond given the emergency nature of the motion.

///

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from a miscellaneous proceeding before the United States Bankruptcy Court, District of Nevada ("Bankruptcy Court") (*In re Fontainebleau Las Vegas Holdings, LLC et al*, Misc. No. 10-00205-mkn), for which the sole purpose was to issue and enforce a non-party subpoena in a related bankruptcy (Case No. 09-21481-AJC (Bankr. S.D. Fla.)).[1] Appellee TLSG is part of a group of lenders who financed the development and construction of the Fontainebleau Las Vegas Resort and Casino ("Fontainebleau") in Las Vegas, Nevada. (Bankr. Dkt. #89, Mem. Op. on Mot. for Order Determining Privilege Waiver, Feb. 15, 2011.) Turnberry and Fontainebleau are related through common ownership and Turnberry provided services on the Fontainebleau construction project.

TLSG initiated the miscellaneous proceeding to serve Turnberry, a non-party located in Nevada, with discovery requests pursuant to Rule 2004 and to have the Bankruptcy Court issue subpoenas pursuant to Rule 9016, which adopts FRCP 45 for subpoenas in bankruptcy cases and gives non-parties 14 days to comply. On March 3, 2010, TLSG served Turnberry with those requests and subpoenas. Almost two months later, on April 29, Turnberry produced some hard-copy documents in response to the requests but failed to produce any other documents. Neither did Turnberry serve TLSG with any objections to the requests as FRCP 45 requires.

On July 8, TLSG filed a motion to compel, which the Bankruptcy Court granted. The Bankruptcy Court ordered Turnberry to produce all responsive documents before August 20; however, Turnberry once again failed to produce any additional documents or privilege logs. The Bankruptcy Court issued a second order on September 16 compelling Turnberry to produce all electronic documents by September 24 and provide a privilege log by October 1. Although Turnberry's counsel made appearances at these hearings and agreed to the Bankruptcy Court's

---

[1] In this Order, the Court will use "Rule" to refer to the Federal Rules of Bankruptcy Procedure and "FRCP" to refer to the Federal Rules of Civil Procedure. The Court will also use "Bankr. Dkt." to refer to filings on the Bankruptcy Court's docket in the miscellaneous proceeding.

entry of both orders, Turnberry still failed to provide either electronic documents or privilege logs as the Bankruptcy Court ordered.

Consequently, TLSG filed a motion for sanctions on October 5, 2010. TLSG asked the Bankruptcy Court for attorney's fees and costs associated with the motion to compel and also argued that Turnberry repeatedly waived its objection based on privilege because it failed to assert objections at any time in the preceding eight months. On November 29, just four days before the scheduled hearing on the motion for sanctions, Turnberry turned over additional documents in response to TLSG's subpoena. A few days later, Turnberry provided a partial privilege log indicating that it withheld hundreds of documents based on privilege. During the hearing on the motion for sanctions, the parties came to an agreement concerning the remaining discovery items and privilege logs. They also agreed to brief the Bankruptcy Court on the wavier issue. With regard to the sanctions motion, the Bankruptcy Court agreed to postpone its ruling until it could evaluate Turnberry's compliance with the parties' agreement.

On December 17, TLSG filed a Motion for Order Determining Privilege Wavier (Bankr. Dkt. #72), arguing that Turnberry waived any objections based on privilege by failing to timely provide a privilege log. In opposition, Turnberry argued that privilege should not be waived because it fired its previous counsel, TLSG suffered no prejudice, and it did everything in its power to comply with the Bankruptcy Court's orders. On February 15, 2011, the Bankruptcy Court issued a Memorandum Opinion (Bankr. Dkt. #89) granting TLSG's motion on two grounds. After exhaustively analyzing case law related to waiver, the Bankruptcy Court first held that Turnberry's failure to timely object constituted a waiver of privilege. Second, the Bankruptcy Court found that the failure of Turnberry's former counsel to fully comply with the original subpoena and two court orders was not enough to excuse Turnberry's failure to produce the disputed documents and privilege logs. The Court then instructed Turnberry to produce all responsive documents no later than March 4. (Bankr. Dkt. #90, Order.)

///

On March 1, Turnberry filed a Motion for Stay of Order (Bankr. Dkt. #95).[2] After hearing oral argument on this motion, the Bankruptcy Court denied the motion on the record. Turnberry then appealed the Bankruptcy Court's grant of TLSG's Motion for Order Determining Privilege Wavier to this Court. In the instant motion, Turnberry asks the Court to stay compliance with the Bankruptcy Court's Order (Bankr. Dkt. #90) during the pendency of this appeal. For the reasons discussed below, the Court denies Turnberry's motion.

## DISCUSSION

### I. Legal Standard

Under Rule 8005, a district court "may suspend or order the continuation of other proceedings in the case under the [Bankruptcy] Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Courts in the Ninth Circuit have construed this rule to incorporate essentially the same standards as applicable under FRCP 62(c). *In re Fullmer*, 323 B.R. 287, 292 (Bankr. D. Nev. 2005). Courts consider four elements to determine if a stay pending bankruptcy appeal is appropriate: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest. *Id.* at 292–93; *In re Byrd*, 172 B.R. 970, 974 (Bankr. W.D. Wash. 1994). These four elements are the same as that for a preliminary injunction. 9E Am Jur. 2d Bankruptcy § 3827 (2010). A party seeking a preliminary injunction must satisfy each of the four elements. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citation omitted). Therefore, a failure to establish any individual element will preclude the court from granting a stay. In applying these factors, the court must remain mindful that a discretionary stay pending appeal is viewed as an extraordinary remedy. *In re Fullmer*, 323 B.R. at 293.

///

---

[2] Turnberry also filed a Motion to Amend (Bankr. Dkt. #93) the Bankruptcy Court's Order, however, the motion has since been withdrawn. (Bankr. Dkt. #112, Notice of Withdrawal, Mar. 14, 2011.)

## II.     Analysis

The Court must first examine whether Turnberry is likely to succeed on the merits of its appeal; specifically, whether the Bankruptcy Court erred in granting TLSG's Motion for Order Determining Privilege Wavier.  Whether documents in question are protected by the attorney-client privilege is a mixed question of law and fact subject to *de novo* review.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1988).  The party asserting a privilege has the burden of making a *prima facie* showing that the information being withheld is indeed privileged.  *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D. Nev. 1994).  A nonparty's failure to timely make objections to a FRCP 45 subpoena generally requires the court to find that any objection, including attorney-client privilege, has been waived.  *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

The Court finds that Turnberry is not likely to succeed on the merits of its appeal.  The Bankruptcy Court's finding that Turnberry had waived its privilege is clearly supported by the controlling case law.  Turnberry failed to timely produce relevant documents even after the Bankruptcy Court twice ordered it to do so.  Although the Court is aware that a determination of waiver is a drastic measure, Turnberry repeatedly demonstrated that it had no intention of complying with the requests or subpoena.  Therefore, the Bankruptcy Court was well within the law and its discretion to find such waiver.  Neither does Turnberry's argument that its former counsel is responsible for its failure support a likelihood of success on the merits.  If courts were to accept such excuses, parties would simply fire their counsel whenever they wanted to escape responsibility for missing deadlines.  Because Turnberry has failed to show a likelihood of success on the merits, the Court need not examine the three remaining elements.  Accordingly, the Court denies the motion.

///

///

///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Turnberry's Emergency Motion for Stay Pending Appeal (#3) is DENIED.

Dated: March 18, 2011.

_____
ROGER L. HUNT
Chief United States District Judge